**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Yana A. Hart (SBN 306499)
*Yhart@clarksonlawfirm.com*
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Tel: (619) 915-9432
Fax: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Kenney, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRUIT OF THE EARTH, INC., CVS PHARMACY, INC.,<br><br>Defendants. | Case No.: **'21 CV 1016 JLS  MSB**<br><br>**CLASS ACTION COMPLAINT**<br>1. Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>2. Violation of False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)<br>3. Violation of Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)<br>4. Breach of Warranty<br>5. Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

# **TABLE OF CONTENTS**

**Page No.**

COMPLAINT..................................................................................1

NATURE OF THE ACTION...........................................................1

JURISDICTION .............................................................................3

VENUE ..........................................................................................3

PARTIES ........................................................................................4

    A.    Plaintiff ..............................................................................4

    B.    Defendants.........................................................................5

FACTUAL ALLEGATIONS ...........................................................6

    A.    Background .........................................................................6

    B.    The Products' Misleading and Deceptive Labeling.......................9

    C.    Plaintiff and Reasonable Consumers Were Misled by the Products..................................................................................12

    D.    The Products Are Substantially Similar..........................13

    E.    No Adequate Remedy at Law ...........................................14

CLASS ACTION ALLEGATIONS ................................................18

COUNT ONE
Violation of California Unfair Competition Law
(Cal. Bus. & Prof. Code §§ 17200, et seq.).............................21

    A.    "Unfair" Prong...............................................................24

    B.    "Fraudulent" Prong ........................................................26

    C.    "Unlawful" Prong .........................................................27

COUNT TWO
Violation of California False Advertising Law
(Cal. Bus. & Prof. Code §§ 17500, et seq.).............................29

COUNT THREE
Violation of California Consumers Legal Remedies Act
Cal. Civ. Code §§ 1750, et seq.).............................................31

COUNT FOUR
    Breach of Express Warranty ......................................................34

COUNT FIVE
    Unjust Enrichment/Restitution ..................................................36

PRAYER FOR RELIEF.........................................................................38

DEMAND FOR JURY TRIAL...............................................................39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### COMPLAINT

1.   **Plaintiff** Ann Kenney ("**Plaintiff**"), individually and on behalf of all others similarly situated, as more fully described herein (the "**Class**" and "**Class Members**"), brings this class action against Fruit of the Earth, Inc. and CVS Pharmacy, Inc. ("**Defendants**"), and alleges the following upon information and belief, unless otherwise expressly stated as based upon personal knowledge:

### NATURE OF THE ACTION

2.   **Synopsis.** To obtain an unfair competitive advantage in the billion-dollar sunscreen market, Defendants are exposing consumers to harmful chemical active ingredients hidden in their sunscreens by fraudulently passing them off as safe mineral active ingredients.  Defendants have reaped many millions of dollars through this fraudulent scheme based on a calculated business decision to put profits over people.  Specifically, Defendants falsely and misleadingly label certain of their Sunscreen Products as "Clear Zinc Sun Lotion" (hereinafter, **"Zinc Representation," "False Advertising Claim,"** and/or **"Challenged Representation"**). Examples of the Challenged Representation are depicted below.



1
2
3
4
5
6
7
8
9
10
11
CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
12
13
14
15
16
17
18
19
20



21      3.     The Challenged Representation has misled reasonable consumers,

22  including Plaintiff, into believing that the Products contain only zinc oxide ("zinc")

23  mineral active ingredients. However, contrary to the labeling, the Products do not

24  contain only zinc mineral active ingredients (described in detail *infra*). Rather, the

25  Products consist of ***nearly equal*** zinc mineral active ingredients and chemical active

26  ingredients: specifically, 5% zinc mineral active ingredients and 4% chemical active

27  ingredients (octocrylene). Through falsely, misleadingly, and deceptively labeling the

28  Products, Defendants sought to take advantage of consumers' desire for mineral

sunscreens, while reaping the financial benefits of using less desirable and less costly chemical active ingredients in the Products. Defendants have done so at the expense of unwitting consumers, as well as Defendants' lawfully acting competitors, over whom Defendants maintain an unfair competitive advantage.

4. **The Products.** The falsely labeled CVS Health products at issue are the CVS Health Clear Zinc Sun Lotion in 2.0 fluid oz. and the CVS Health Clear Zinc Lotion in 4.0 fluid oz. (the **"Products"**).

5. **Primary Objective.** Plaintiff brings this action individually and on behalf of those similarly situated to represent a National Class and a California Subclass of consumers who purchased the Products (defined *infra*). Plaintiff seeks damages, restitution, and disgorgement of the Products' purchase price and Defendants' ill-gotten gains, as consistent with permissible law. Plaintiff further seeks injunctive relief to stop Defendants' unlawful labeling and advertising of the Products and to dispel the public's misconception caused by the Challenged Representation, as Plaintiff's primary litigation objective is to enjoin Defendants' unlawful labeling practices for the benefit of consumers, including the National Class and California Class.

## JURISDICTION

6. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. In addition, Plaintiff purchased the unlawful Products in this District, and Defendants have marketed, advertised, and sold the Products within this District.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

## PARTIES

2

### A.   Plaintiff

3       8.    **Plaintiff Ann Kenney ("Plaintiff")**.   The following is alleged based

4  upon personal knowledge: (1) Plaintiff is a resident of San Diego, California. (2)

5  Plaintiff purchased the CVS Health Clear Zinc Sun Lotion in 2.0 fluid oz. for

6  approximately $4.00 at a CVS store in Vista, California in the summer of 2019. (3)

7  In making the purchase, Plaintiff relied on the Zinc Representation stated on the

8  Product's label. (4) At the time of purchase, Plaintiff did not know that this

9  Representation was false, and she believed she was purchasing a sunscreen product

10  with only zinc mineral active ingredients, and without any chemical active

11  ingredients.  (5) Plaintiff would not have purchased the Product had she known that

12  the Product contained chemical active ingredients in addition to zinc mineral active

13  ingredients. (6) Plaintiff continues to see the Products available for purchase and

14  desires to purchase them again if the Zinc Representation were in fact true. (7)

15  Plaintiff is, and continues to be, unable to rely on the truth of the Zinc Representation.

16  (8) The Product purchased by Plaintiff is typical of the Products purchased by

17  members of the Class.

18       9.    **Plaintiff's Future Harm.** If the Products indeed contained only zinc

19  mineral active ingredients as labeled and advertised, Plaintiff would purchase the

20  Products again in the future, despite the fact that the Products were once marred by

21  false advertising or labeling. Therefore, Plaintiff would reasonably, but incorrectly,

22  assume the Products were improved. In that regard, Plaintiff is an average consumer

23  who is not sophisticated in the chemistry or formulations of mineral-based and

24  chemical-based sunscreen products, such as the Products. Accordingly, Plaintiff is at

25  risk of reasonably, but incorrectly, assuming that Defendants fixed the formulation of

26  the Products such that Plaintiff may buy them again, believing they were no longer

27  falsely advertised and labeled.

28  / / /

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

4

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## B.  Defendants

10.  **Defendant Fruit of the Earth, Inc. ("FOTE")** is a company headquartered in Texas, with its primary place of business in Grand Prairie, Texas, and was doing business in the state of California during all relevant times. Directly and through its agents, Defendant FOTE has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant FOTE is one of the owners, manufacturers, and/or distributors of the Products, and is one of the companies that created and/or authorized the false, misleading, and deceptive labeling of the Products. Defendant FOTE and its agents promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district. The unfair, unlawful, deceptive, and misleading False Advertising Claims on the Products were prepared, authorized, ratified, and/or approved by Defendant FOTE and its agents, and were disseminated throughout California and the nation by Defendant FOTE and its agents to deceive and mislead consumers into purchasing the Products.

11.  **Defendant CVS Pharmacy, Inc ("CVS")** is a company organized under the laws of Rhode Island, with its principal place of business in Woonsocket, Rhode Island, and was doing business in the state of California during all relevant times. Directly and through its agents, Defendant CVS has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant CVS is one of the owners, manufacturers, and/or distributors of the Products, and is one of the companies that created and/or authorized the false, misleading, and deceptive labeling of the Products.  Defendant CVS and its agents promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district.  The unfair, unlawful, deceptive, and misleading False Advertising Claims on the Products were prepared, authorized, ratified, and/or approved by Defendant CVS and its agents, and were disseminated throughout California and the nation by Defendant CVS and its agents to deceive and mislead consumers into

purchasing the Products.

## FACTUAL ALLEGATIONS

**A.  Background**

12.  **Background.** There are two types of sunscreen products: chemical-based and mineral-based. Chemical-based sunscreens contain various synthetic, chemically active ingredients, such as octisalate, octocrylene, and octinoxate, which protect the skin by absorbing ultraviolet ("UV") radiation and dissipating it as heat.[1] Conversely, mineral-based sunscreens use mineral active ingredients, such as zinc oxide and/or titanium dioxide, which cover the skin and act as a physical barrier, deflecting and scattering UV radiation.[2] In recent years, consumers have become increasingly concerned about using chemical-based sunscreens because chemical active ingredients have been shown to have adverse health effects, including endocrine disruption, skin irritation, allergic reactions, and causing the production of dangerous free radicals.[3] One reason for such deleterious consequences is that chemical active ingredients in sunscreen can penetrate a person's skin and enter the bloodstream.[4]

13.  **The EWG.** The Environmental Working Group ("EWG") is a nonprofit organization that specializes in research and advocacy in a number of areas including sunscreens and their ingredients. Regarding certain chemical active ingredients used

---

[1] *See* Ruszkiewicz, et al., "Neurotoxic effect of active ingredients in sunscreen products, a contemporary review," Toxicol Rep. (May 2017), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5615097/ (last visited on March 3, 2021); Baker, et, al., "Ultrafast photoprotective properties of the sunscreening agent octocrylene," Optics Express, (2016), https://www.osapublishing.org/oe/fulltext.cfm?uri=oe-24-10-10700&id=340506 (last visited on March 3, 2021). "Active" ingredients are those that produce the desired or intended result. In the case of sunscreens, they are ingredients that protect the skin from harmful UV radiation. *Id.*

[2] Ruszkiewicz, et al., "Neurotoxic effect of active ingredients in sunscreen products, a contemporary review," Toxicol Rep. (May 2017), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5615097/ (last visited on March 3, 2021).

[3] EWG's Guide to Sunscreens, https://www.ewg.org/sunscreen/report/the-trouble-with-sunscreen-chemicals/ (last visited on April 30, 2021).

[4] *Id.*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

in sunscreens, EWG reports:

> Several common chemical filters appear to be endocrine disruptors. Many studies in animals and cells have shown that the chemicals affect reproduction and development by altering reproductive and thyroid hormones, although the evidence is mixed for some studies (Krause 2012). Animal studies report lower sperm counts and sperm abnormalities after oxybenzone and octinoxate exposure; delayed puberty after octinoxate exposure; and altered estrous cycling for female mice exposed to oxybenzone. Recently, Danish researchers reported that eight of 13 chemical sunscreen ingredients allowed in the U.S. affected calcium signaling of male sperm cells in laboratory tests, which the researchers suggest could reduce male fertility (Endocrine Society 2016).[5]

> According to the [FDA], "nearly all of these sunscreen active ingredients…have limited or no data characterizing their absorption." In 2019 and 2020, FDA published two studies showing that the ingredients oxybenzone, octinoxate, octisalate, octocrylene, homosalate and avobenzone are all systemically absorbed into the body after a single use (Matta 2019, Matta 2020). The FDA also found that the sunscreen ingredients could be detected on the skin and in blood weeks after application ended (Matta 2020).

> These findings are troubling, because they show that sunscreen chemicals are circulating in the blood, and the FDA has indicated that the agency does not have enough information to determine whether the chemicals are causing harm.[6]

14. **Hawaii Legislature.** In fact, state lawmakers in Hawaii recently banned two chemical active sunscreen ingredients. In explaining its decision to ban those ingredients, the Hawaii legislature stated:

> Oxybenzone and octinoxate cause mortality in developing coral; increase coral bleaching that indicates extreme stress, even at temperatures below 87.8 degrees Fahrenheit; and cause genetic damage to coral and other marine organisms. These chemicals have also been shown to degrade corals' resiliency and ability to adjust to climate change factors and inhibit recruitment of new corals. Furthermore, oxybenzone and octinoxate appear to increase the probability of endocrine disruption. Scientific studies show that both chemicals can induce feminization in adult male fish and increase reproductive diseases in marine invertebrate species (e.g., sea urchins), vertebrate species (e.g., fish such as wrasses, eels, and parrotfish), and mammals (in species similar to the Hawaiian monk seal). The chemicals also induce deformities in the embryonic development of fish, sea

---

[5] *Id.*
[6] *Id.*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

urchins, coral, and shrimp and induce neurological behavioral changes in fish that threaten the continuity of fish populations. In addition, species that are listed on the federal Endangered Species Act and inhabit Hawaii's waters, including sea turtle species, marine mammals, and migratory birds, may be exposed to oxybenzone and octinoxate contamination.[7]

15.  **Worldwide Bans.** In June 2019, the US Virgin Islands banned sunscreens containing octocrylene, oxybenzone, and octinoxate, with the ban effective beginning March 2020.[8]  In addition, Palau, Bonaire, and the nature reserve areas in Mexico have approved legislation for similar bans, and a similar ban is being discussed in Brazil and the EU.[9]

16.  **FDA.** In addition, in February 2019, the U.S. Food and Drug Administration issued a proposed rule that would update regulatory requirements for most sunscreen products in the United States.[10] In fashioning the proposed rule, the FDA determined that for 12 of the 16 currently marketed active ingredients in sunscreens, including octisalate, octocrylene, and octinoxate, there is insufficient safety data to make a positive GRASE [Generally Recognized As Safe and Effective] determination, which is a designation that the FDA gives a substance when qualified experts consider it generally safe for its intended use.[11]  And all 12 of these questionable ingredients are *chemical* active ingredients.[12] The FDA further noted that "[a] number of these [chemical] active ingredients have also shown hormonal

---

[7] "Hawaii Senate Bill 2571," LegiScan, https://legiscan.com/HI/text/SB2571/2018 (last visited on Feb 3, 2021).
[8] Narla, et. al., "Sunscreen: FDA regulation, and environmental and health impact," Royal Society of Chemistry, (November 22, 2019), https://pubs.rsc.org/en/content/articlehtml/2019/pp/c9pp00366e (last visited on Feb 3, 2021).
[9] *Id.*
[10] Federal Register, "Sunscreen Drug Products for Over-the-Counter Human Use," (Feb 26, 2019), https://www.federalregister.gov/documents/2019/02/26/2019-03019/sunscreen-drug-products-for-over-the-counter-human-use (last visited on March 3, 2021);  FDA, "FDA advances new proposed regulation to make sure that sunscreens are safe and effective," (Feb 21, 2019),  https://www.fda.gov/news-events/press-announcements/fda-advances-new-proposed-regulation-make-sure-sunscreens-are-safe-and-effective (last visited on March 3, 2021).
[11] *Id.*
[12] *Id.*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

effects in mammalian assays (homosalate (Refs. 86 to 92)) and padimate O (64 FR 27666 at 27671) and in in vitro and in vivo assays (homosalate (Refs. 86 to 92), octinoxate (Refs. 93 and 94), and octocrylene (Ref. 95))."[13]

17.    On the other hand, according to the FDA, the only two active ingredients for which there exists sufficient information to make a positive GRASE determination were zinc oxide and titanium dioxide—the only two active ingredients used in sunscreens that are of mineral composition, rather than chemical composition.[14]

18.    **Consumers' Desire for Mineral Sunscreens.** Consequently, because of concerns about chemical-based sunscreens, consumers have increasingly sought out sunscreens that contain only mineral active ingredients, such as zinc, because they reasonably believe that mineral sunscreens do not contain any chemical active ingredients, such as octocrylene. As a result, sales of mineral-based sunscreens have surged in recent years.

**B.    The Products' Misleading and Deceptive Labeling**

19.    **Products.** As described *supra*, Defendants manufacture, market, advertise, label, and sell the CVS Health Clear Zinc Sun Lotion in 2 fluid oz. and the CVS Health Clear Zinc Lotion in 4 fluid oz.

20.    **Challenged Representations on Products' Front Labels.** Also as described *supra*, Defendants falsely and misleadingly label the Products with the Zinc Representation in an eye-catching large font. True and correct images of the Products are as follows:

/ / /

/ / /

/ / /

---

[13] Federal Register, "Sunscreen Drug Products for Over-the-Counter Human Use," (Feb 26, 2019), https://www.federalregister.gov/documents/2019/02/26/2019-03019/sunscreen-drug-products-for-over-the-counter-human-use (last visited on March 3, 2021).
[14] *Id.*

CLASS ACTION COMPLAINT

**CVS Health Clear Zinc Sun Lotion in 2 fluid oz.**



/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

**<u>CVS Health Clear Zinc Lotion in 4 fluid oz.</u>**

2

3

4

5

6

7

8

9

10

11

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

21. **Consumers' Reasonably Rely on the Zinc Representation.** Based on the Zinc Representation, reasonable consumers believe the Products only contain zinc mineral active ingredients. Put differently, reasonable consumers do not believe the Products contain any chemical active ingredients. This understanding is further reinforced by the fact that nearly all sunscreens on the market that are advertised as a "Zinc" sunscreen contain ***only*** zinc mineral active ingredients—including other sunscreens sold by Defendant CVS. *See CVS Zinc Face Sheer Lotion*.[15] *See also* Neutrogena SheerZinc Sunscreen[16]; Kinship Probiotic Moisturizing Sunscreen Zinc Oxide[17]; Kokua Sun Care Hawaiian Natural Zinc Sunscreen[18]; and Ethical Zinc Natural Clear Zinc Sunscreen.[19]

22. **Active Ingredients Contained in the Products.** However, in spite of the labeling, the Products contain 5% zinc oxide and 4% octocrylene, a chemical active ingredient.

23. **True Zinc-Based Products.** Furthermore, true zinc sunscreens do not contain **any** chemical active ingredients. Therefore, by using cheaper chemical active ingredients in lieu of mineral active ingredients, on information and belief, Defendants reduced their manufacturing costs and increased their profits.

## C.   Plaintiff and Reasonable Consumers Were Misled by the Products

24. **Misrepresentations.** Labeling the Products with the Zinc Representations when they contain nearly the same percentage of chemical active ingredients is wholly misleading and deceptive.

25. **Material.** The Zinc Representation was and is material to reasonable

---

[15] *See* https://www.cvs.com/shop/cvs-health-spf-50-zinc-face-sheer-lotion-2-oz-prodid-230303.
[16] *See* https://www.neutrogena.com/products/sun/sheer-zinc-dry-touch-sunscreen-broad-spectrum-spf-50/6811080XX.html.
[17] *See* https://lovekinship.com/products/self-reflect-zinc-oxide-mineral-sunscreen.
[18] *See* https://www.kokuasuncare.com/collections/shop/products/kokua-sun-care-hawaiian-natural-zinc-sunscreen-spf-50-80-min-water-resistance-3-oz.
[19] *See* https://ethicalzinc.com/products/ethical-zinc-spf50-natural-clear-zinc-sunscreen.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

consumers, including Plaintiff, in making the decision to purchase the Products.

26.   **Reliance.** Plaintiff and reasonable consumers relied on the Zinc Representation in deciding to purchase the Products.

27.   **Consumers Lack Knowledge of Falsity.** At the time Plaintiff purchased the Products, Plaintiff did not know, and had no reason to know, that the Products' labeling and advertising were false, misleading, deceptive, and unlawful as set forth herein.

28.   **Misrepresentation/Omission.** The Zinc Representation materially misrepresented that the Products contain only zinc mineral active ingredients, and no chemical active ingredients.

29.   **Defendants' Knowledge.** Defendants knew, or should have known, that the Zinc Representation was false, misleading, deceptive, and unlawful, at the time that it advertised the Products using the Zinc Representations, and Defendants intentionally and deliberately used the Zinc Representations on the Products' labeling, packaging, and advertising to cause Plaintiff and similarly situated consumers to buy the Products.

30.   **Detriment.** Plaintiff and similarly situated consumers would not have purchased the Products if they had known the truth. Accordingly, based on Defendants' material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased the Products to their detriment.

**D.   The Products Are Substantially Similar**

31.   As described herein, Plaintiff purchased CVS Health Clear Zinc Sun Lotion in 2.0 fluid oz. ("**Purchased Product**"). The additional Product, CVS Health Clear Zinc Lotion in 4.0 fluid oz.  ("**Unpurchased Product**"), is substantially similar to the Purchased Product.

a.   **Defendants.** All Products are manufactured, sold, marketed, advertised, labeled, and packaged by Defendants.

b.   **Brand.** All Products are sold under the CVS Health brand name.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

c. **Marketing Demographics.**  All Products are marketed directly to consumers for personal use.

d. **Purpose.** All Products are sunscreens.

e. **Misrepresentations.** All Products contain the exact same Zinc Representation. In addition, all Products prominently display the exact same Zinc Representation on the front label, in the same prominent coloring and font.

f. **Packaging.** All Products are packaged in similar packaging using a similar color scheme.

g. **Other Representations.**  All Products contain substantially the same additional claims on the Products' packaging and labeling, including the same representation regarding "Broad Spectrum SPF 50 Sunscreen," "UVA/UVB protection," "Water resistant (80 minutes)," "Goes on clear, non-greasy formula," and "Ideal for ears, nose & face."

h. **Key Ingredients.** All Products contain the same percentage of zinc active ingredients and the same percentage of chemical active ingredients.

i. **Misleading Effect.** The misleading effect of the Products' labels is the same for all Products.

**E.  No Adequate Remedy at Law**

32.  **No Adequate Remedy at Law.** Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

a. **Broader Statutes of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA. In addition, the statutes of limitations vary for certain states' laws for breach of

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

warranty and unjust enrichment/restitution, between approximately 2 to 6 years. Thus, California Subclass members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. Similarly, Nationwide Class members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty, will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

b. **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes, for example, Defendants' overall unfair marketing scheme to promote and brand the Products with the Challenged Representations, across a multitude of media platforms, including the Products' labels and packaging, over a long period of time, in order to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that comport with the Challenged Representations. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements related to representations and omissions made on the type of products at issue). Thus, Plaintiff and Class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty. For example, in some states, breach of warranty may

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution. Thus, Plaintiff and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of warranty, because they purchased the products from third-party retailers or provide adequate pre-lawsuit notice prior to the commencement of this action.

c. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendants continue to misrepresent the Products with the Challenged Representations. Injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures is necessary to dispel the public misperception about the Products that has resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products Challenged Representations are not true and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front label concerning the Products' true nature. An injunction requiring affirmative disclosures to dispel the public's misperception, and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is unable at present to accurately quantify the

damages caused by Defendants' future harm, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of future Product sales, and quantities of future Product sales.

d. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

e. **California vs. Nationwide Class Claims**. Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiff and the California Subclass against non-California Defendants, while breach of warranty and unjust enrichment/restitution are asserted on behalf of Plaintiff and the Nationwide Class. Dismissal of farther-reaching claims would bar recovery for non-California members of the Class.

f. **Discovery Ongoing.** In addition, discovery—which has not yet been provided and/or completed—may reveal that the claims providing legal remedies are inadequate. At this time, forcing an election of remedies at the initial pleadings stage, in the absence of completed discovery regarding class certification and merits, is premature and likely to lead to subsequent, potentially belated, and hotly contested motions to amend the pleadings to add equitable remedies based on a lengthy historical recount of discovery and analysis of voluminous exhibits, transcripts, discovery responses, document productions, etc., as well as related motions to seal confidential information contained therein.

/ / /

/ / /

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## **CLASS ACTION ALLEGATIONS**

33.     **Class Definition.** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated, and as members of the Classes defined as follows:

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products ("**Nationwide Class**"); and

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products ("**California Subclass**").

("Nationwide Class" and "California Subclass," collectively, "**Class**").

34.     **Class Definitions Exclusions.** Excluded from the Class are: (i) Defendants, their assigns, successors, and legal representatives; (ii) any entities in which Defendants have controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

35.     **Reservation of Rights to Amend the Class Definition.** Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

36.     **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

37.   **Common Questions Predominate:** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues.  Included within the common questions of law or fact are:

a.   Whether Defendants engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;

b.   Whether Defendants' conduct of advertising and selling the Products as containing only zinc active ingredients when they do not constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

c.   Whether Defendants used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq.*;

d.   Whether Defendants represented that the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq.*;

e.   Whether Defendants advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq.*;

f.   Whether Defendants' labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

g.   Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

h.   Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.   Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j.   Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

k.   Whether Plaintiff and the Class paid more money for the Products than they actually received;

l.   How much more money Plaintiff and the Class paid for the Products than they actually received;

m.   Whether Defendants' conduct constitutes breach of express warranty;

n.   Whether Plaintiff and the Class are entitled to injunctive relief; and

o.   Whether Defendants were unjustly enriched by their unlawful conduct.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

38. **Typicality**:  Plaintiff's claims are typical of the claims of the Class Members she seeks to represent because Plaintiff, like the Class Members, purchased Defendants' misleading and deceptive Products.  Defendants' unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and the Class sustained similar injuries arising out of Defendants' conduct.  Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

39. **Adequacy**: Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

40. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.   The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

    b.   Absent a Class, the members of the Class will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoy their ill-gotten gains;

    c.   Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.   When the liability of Defendants has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

e. This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendants.

41. **Inconsistent Rulings.** Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

42. **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

43. **Manageability.** Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT ONE

### Violation of California Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

### (*On Behalf of the California Subclass*)

44. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

45. **California Subclass.** This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq.*, on behalf of Plaintiff and a California Subclass who purchased the Products within the applicable statute of limitations.

46. **The UCL.** California Business & Professions Code, sections 17200, *et seq.* (the **"UCL"**) prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

47. **False Advertising Claims.** Defendants, in their advertising and

packaging of the Products, made false and misleading statements and fraudulent omissions regarding the quality and characteristics of the Products—specifically, the Zinc Representation—despite the fact the Products contain chemical active ingredients. Such claims and omissions appear on the label and packaging of the Products, which are sold at retail stores, point-of-purchase displays, as well as Defendants' official websites.

48. **Defendants' Deliberately False and Fraudulent Marketing Scheme.** Defendants do not have any reasonable basis for the claims about the Products made in Defendants' advertising and on Defendants' packaging or labeling because the Products contain chemical active ingredients. Defendants knew and know that the Products are not true zinc sunscreens, though Defendants intentionally advertised and marketed the Products to deceive reasonable consumers into believing that Products contain only zinc active ingredients.

49. **False Advertising Claims Cause Purchase of Products.** Defendants' labeling and advertising of the Products led to, and continues to lead to, reasonable consumers, including Plaintiff, believing that the Products are composed entirely of zinc active ingredients.

50. **Injury in Fact.** Plaintiff and the California Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendants' False Advertising Claims—namely Plaintiff and the California Subclass lost the purchase price for the Products they bought from the Defendants.

51. **Conduct Violates the UCL.** Defendants' conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to  The UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."  Cal. Bus & Prof. Code § 17200. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that

are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code Sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

52.    **No Reasonably Available Alternatives/Legitimate Business Interests.** Defendants failed to avail themselves of reasonably available, lawful alternatives to further their legitimate business interests.

53.    **Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern, practice and/or generalized course of conduct, which will continue on a daily basis until Defendants voluntarily alter their conduct or they are otherwise ordered to do so.

54.    **Injunction.** Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiff and the members of the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of labeling and advertising the sale and use of the Products. Likewise, Plaintiff and the members of the California Subclass seek an order requiring Defendants to disclose such misrepresentations, and to preclude Defendants' failure to disclose the existence and significance of said misrepresentations.

62.    **Causation/Damages.** As a direct and proximate result of Defendants' misconduct in violation of the UCL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the UCL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

55. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for violation of the UCL on behalf of Plaintiff and the applicable class. Defendants' unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendants' willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendants were, at all times, aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendants' misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendants' misconduct is fraudulent as Defendants intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

## A. "Unfair" Prong

56. **Unfair Standard.** Under the UCL, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

57. **Injury.** Defendants' action of mislabeling the Products with the Zinc Representation does not confer any benefit to consumers; rather, doing so causes

injuries to consumers, who do not receive products commensurate with their reasonable expectations, overpay for the Products, and receive Products of lesser standards than what they reasonably expected to receive. Consumers cannot avoid any of the injuries caused by Defendants' deceptive labeling and advertising of the Products. Accordingly, the injuries caused by Defendants' deceptive labeling and advertising outweigh any benefits.

58.   **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012).

59.   **No Utility.** Here, Defendants' conduct of labeling the Products with the Zinc Representation when the Products contain chemical active ingredients has no utility and financially harms purchasers. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of harm.

60.   **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

61.   **Unfair Conduct.** Defendants' labeling and advertising of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct. Defendants knew or should have known of their unfair conduct. Defendants' misrepresentations constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

62.   **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have refrained from labeling the Products with the Zinc Representation.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

63.  **Defendants' Wrongful Conduct.** All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

64.  **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practices of labeling the Products with the Zinc Representation.

65.  **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendants' unfair conduct. Plaintiff and the California Subclass paid an unwarranted premium for these Products. Specifically, Plaintiff and the California Subclass paid for Products that contain chemical active ingredients. Plaintiff and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling were deceptive. Accordingly, Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

## B.  "Fraudulent" Prong

66.  **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

67.  **Fraudulent & Material Challenged Representations.** Defendants used the Zinc Representation with the intent to sell the Products to consumers, including Plaintiff and the California Subclass. The Challenged Representation is false and Defendants knew or should have known of its falsity. The Challenged Representation is likely to deceive consumers into purchasing the Products because they are material to the average, ordinary, and reasonable consumer.

68.  **Fraudulent Business Practice.** As alleged herein, the misrepresentations

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

by Defendants constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

69.  **Reasonable and Detrimental Reliance.** Plaintiff and the California Subclass reasonably and detrimentally relied on the material and false Challenged Representations to their detriment in that they purchased the Products.

70.  **Reasonably Available Alternatives.** Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein. Defendants could have refrained from labeling the Products with the Zinc Representation.

71.  **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct.

72.  **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of labeling the Products with the Zinc Representation.

73.  **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendants' fraudulent conduct. Plaintiff paid an unwarranted premium for the Products.  Specifically, Plaintiff and the California Subclass paid for products that they believed contained only zinc active ingredients, when, in fact, the Products also contained chemical active ingredients. Plaintiff and the California Subclass would not have purchased the Products if they had known the truth. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

### C.  "Unlawful" Prong

74.  **Unlawful Standard.** The UCL identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

75.   **Violations of CLRA and FAL.**  Defendants' labeling of the Products, as alleged herein, violates California Civil Code sections 1750, *et seq.* (the **CLRA**) and California Business and Professions Code sections 17500, *et seq.* (the **FAL**) as set forth below in the sections regarding those causes of action.

76.   **Additional    Violations.**  Defendants'    conduct    in    making    the representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors. This conduct engenders an unfair competitive advantage for Defendants, thereby constituting an unfair, fraudulent and/or unlawful business practice under California Business & Professions Code sections 17200-17208. Additionally, Defendants' misrepresentations of material facts, as set forth herein, violate California Civil Code sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

77.   **Unlawful Conduct.** Defendants' packaging, labeling, and advertising of the Products, as alleged herein, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct. Defendants knew or should have known of their unlawful conduct.

78.   **Reasonably Available Alternatives.** Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein. Defendants could have refrained from labeling the Products with the Zinc Representation.

79.   **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct.

80.   **Injunction.** Pursuant to Business and Professions Code Section 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of false and deceptive advertising of the Products.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

81.   **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendants' unlawful conduct. Plaintiff and the California Subclass paid an unwarranted premium for the Products. Plaintiff and the California Subclass would not have purchased the Products if they had known that Defendants purposely deceived consumers into believing that the Products are true zinc sunscreens. Accordingly, Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

**COUNT TWO**

**Violation of California False Advertising Law**

**(Cal. Bus. & Prof. Code §§ 17500,** *et seq.***)**

**(*On Behalf of the California Subclass*)**

82.   **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

83.   **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

84.   **FAL Standard.** The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

63.   **False & Material Challenged Representations Disseminated to Public.** Defendants violated section 17500 when they advertised and marketed the Products through the unfair, deceptive, untrue, and misleading Zinc Representation disseminated to the public through the Products' labeling/packaging and advertising. These representations were false because the Products do not conform to them.  The representations were material because they are likely to mislead a reasonable consumer into purchasing the Products.

85.   **Knowledge.** In making and disseminating the representations alleged herein, Defendants knew or should have known that the representations were untrue

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

or misleading, and acted in violation of § 17500.

86.   **Intent to sell.** Defendants' Challenged Representations were specifically designed to induce reasonable consumers, like Plaintiff and the California Subclass, to purchase the Products.

87.   **Causation/Damages.** As a direct and proximate result of Defendants' misconduct in violation of the FAL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

88.   **Punitive Damages.** Defendants' unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law.  Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving.  Defendants willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendants were aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiff.  Defendants' misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct.  Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights.  Defendants' misconduct is fraudulent as Defendants, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

**COUNT THREE**

**Violation of California Consumers Legal Remedies Act**

**(Cal. Civ. Code §§ 1750, *et seq.*)**

**(*On Behalf of the California Subclass*)**

89. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

90. **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

64. **CLRA Standard.** Plaintiff brings this action pursuant to California Consumers Legal Remedies Act (codified at Cal. Civ. Code §§ 1750, *et seq*. ("**CLRA**"). The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

91. **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

92. **Defendants.** Defendants are "people," as defined by the CLRA in California Civil Code §1761(c).

93. **Consumers.** Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

94. **Transactions.** The purchase of the Products by Plaintiff and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code section 1761(e).

95. **Violations of the CLRA.** Defendants violated the following sections of

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

the CLRA by selling the Products to Plaintiff and the California Subclass through the false, misleading, deceptive, and fraudulent Challenged Representations:

    a. Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have".

    b. Section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . [when] they are of another".

    c. Section 1770(a)(9) by advertising the Products "with [the] intent not to sell them as advertised".

96. **Knowledge.** Defendants' uniform and material representations and omissions regarding the Products were likely to deceive, and Defendants knew or should have known that their representations and omissions were untrue and misleading.

97. **Malicious.** Moreover, Defendants' conduct is malicious, fraudulent, and wanton in that Defendants intentionally misled and withheld material information from consumers to increase the sale of the Products.

98. **Plaintiff Could Not Have Avoided Injury.** Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Plaintiff and members of the California Subclass were unaware of the existence of the facts that Defendants suppressed and failed to disclose; and Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

99. **Causation/Reliance/Materiality.** Plaintiff and the California Subclass suffered harm as a result of Defendants' violations of the CLRA because they relied on the Challenged Representations in deciding to purchase the Products. The Challenged Representations were a substantial factor. The Challenged Representations were material because a reasonable consumer would consider them important in deciding whether to purchase the Products.

100. **Punitive Damages.** Defendants' unfair, fraudulent, and unlawful conduct

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiff and a nation of consumers to pay for Products that they were not, in fact, receiving. Defendants willfully and knowingly disregarded the rights of Plaintiff and a nation of consumers as Defendants were, at all times, aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiff.  Defendants' misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct.  Said misconduct subjected Plaintiff and a nation of consumers to cruel and unjust hardship in knowing disregard of their rights. Defendants' misconduct is fraudulent as Defendants, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and a nation of consumers.  The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

101. **Section 1782 – Prelitigation Demand/Notice.** More than thirty days prior to the filing of this complaint, on March 24, 2020, Plaintiff's counsel, acting on behalf of Plaintiff and members of the Class, mailed a notice via U.S. certified mail to Defendants regarding their violations of the California Consumers Legal Remedies Act, pursuant to California Civil Code section 1782, which was delivered to Defendants on or about March 30, 2021. *See* **Exhibit 1** (CLRA Demand). The form, content, and delivery of the notice attached hereto as **Exhibit 1** satisfy subsections (1) and (2) of section 1782(a). The notice of violations and demand for remedial action, as of the filing of this complaint, did not result in adequate correction, repair, replacement, and/or other remedy by Defendants, including all remedial action set forth in **Exhibit 1** and as set forth under section 1782(c).

CLASS ACTION COMPLAINT

102. **Causation/Damages.**  As a direct and proximate result of Defendants' misconduct in violation of the CLRA, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of this Act in the form of damages, restitution, disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies.

103. **Injunction.** Given that Defendants' conduct violated California Civil Code section 1780, Plaintiff and members of the California Subclass are entitled to seek and seek injunctive relief to put an end to Defendants' violations of the CLRA. Plaintiff has no adequate remedy at law. Without equitable relief, Defendants' unfair and deceptive practices will continue to harm Plaintiff and the Class.

## COUNT FOUR

### Breach of Express Warranty

### (*On Behalf of the Nationwide Class and California Subclass*)

104. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

105. **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

106. **Express Warranty.** By advertising and selling the Products at issue, Defendants made promises and affirmations of fact on the Products' packaging and labeling, and through their marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class and Defendants. Defendants purport, through the Products' labeling and advertising, to create express warranties

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

34

that the Products are, among other things, true zinc sunscreens (that is, the Products contain only zinc active ingredients and do not contain chemical active ingredients).

107. **Breach of Warranty.** Despite Defendants' express warranties about the nature of the Products, the Products contain chemical active ingredients, and are therefore not true zinc sunscreens. Thus, the Products are not what Defendants represented them to be. Accordingly, Defendants breached express warranties about the Products and their qualities because the Products do not conform to Defendants' affirmations and promises.

108. **Causation/Damages.** As a direct and proximate result of Defendants' breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for breach of express warranty of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

109. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for breach of express warranty on behalf of Plaintiff and the applicable class. Defendants' unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendants willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendants were aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendants' misconduct is oppressive as,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct.  Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendants' misconduct is fraudulent as Defendants, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

## COUNT FIVE

### Unjust Enrichment/Restitution

### (*On Behalf of the Nationwide Class and California Subclass*)

110. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

111. **Nationwide Class.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

112. **Plaintiff/Class Conferred a Benefit.** By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendants in the form of the purchase price of the Products.

113. **Defendants' Knowledge of Conferred Benefit.** Defendants had knowledge of such benefit and Defendants appreciated the benefit because, were consumers not to purchase the Products, Defendants would not generate revenue from the sales of the Products.

114. **Defendants' Unjust Receipt Through Deception.** Defendants' knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants' fraudulent, misleading, and deceptive representations and omissions.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

115. **Causation/Damages.** As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for unjust enrichment in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

116. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for unjust enrichment on behalf of Plaintiff and the applicable class. Defendants' unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendants willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendants were aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendants' misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendants' misconduct is fraudulent as Defendants, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

117.  WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

a.  **Certification:** For an order certifying this action as a class action, appointing Plaintiff as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

b.  **Declaratory Relief:** For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c.  **Injunction:** For an order requiring Defendants to immediately cease and desist from selling the unlawful Products in violation of law; enjoining Defendants from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; requiring Defendants to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendants' unlawful conduct; and requiring all further and just corrective action;

d.  **Damages/Restitution/Disgorgement:** For an order awarding monetary compensation in the form of damages, restitution, and/or disgorgement to Plaintiff and the Class;

e.  **Punitive Damages:** For an order awarding punitive damages;

f.  **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs;

g.  **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest; and

h.  **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

Dated: May 27, 2021                           Respectfully submitted,

                                              **CLARKSON LAW FIRM**
                                              By:

                                              /s/ *Katherine Bruce*
                                              RYAN J. CLARKSON
                                              SHIREEN M. CLARKSON
                                              KATHERINE BRUCE

                                              **MOON LAW APC**
                                              By:

                                              /s/ *Christopher D. Moon*
                                              CHRISTOPHER D. MOON
                                              KEVIN O. MOON

                                              *Attorneys for Plaintiff(s)*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff(s) hereby demand(s) a trial by jury on all issues and causes of action so

3  triable.

4

5  Dated: May 27, 2021                          Respectfully submitted,

6                                               **CLARKSON LAW FIRM**
                                                By:
7

8                                               /s/ *Katherine Bruce*
                                                RYAN J. CLARKSON
9                                               SHIREEN M. CLARKSON
                                                KATHERINE BRUCE

10                                              **MOON LAW APC**
                                                By:
11

12                                              /s/ *Christopher D. Moon*
                                                CHRISTOPHER D. MOON
13                                              KEVIN O. MOON

14                                              *Attorneys for Plaintiff(s)*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT