UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN KENNEY,<br><br>                    Plaintiff,<br><br>v.<br><br>FRUIT OF THE EARTH, INC., et al.<br><br>                    Defendants. | Case No.:  21cv1016-JLS (MSB)<br><br>**ORDER DENYING JOINT MOTION TO MODIFY FOURTH SCHEDULING ORDER [ECF NO. 40]** |

On July 6, 2022, the parties filed a "Joint Motion to Modify Fourth Scheduling Order." (ECF No. 40.)  In the joint motion, the parties explain that Defendants intend to file a motion for summary judgment "that would seek dismissal of Plaintiff's claim for injunctive relief and related attorney's fees and costs based on Defendants' contentions that, although Defendants continue to manufacture, market, and /or sell the 4.0 fluid ounce size 'Clear Zinc' sunscreen that Plaintiff did not purchase, in approximately December 2021, Defendants discontinued the sale of the 2.0 fluid ounce size "Clear Zinc" sunscreen that Plaintiff purchased, therefore purportedly extinguishing Plaintiff's standing to enjoin the alleged deceptive labeling of the "Clear Zinc" labeling claim on either size of the sunscreen." (Id. at 3.)  The parties agree that a ruling in Defendants' favor "would eliminate this Court's subject matter jurisdiction and the economic

efficiency of the expert discovery." (Id. at 4.) They also agree that the summary judgment motion "should not implicate expert discovery." (Id.)

To prevent the parties from having to move forward with expert discovery while the previously described motion is pending, the parties argue that it promotes justice and fairness for the Court to amend the scheduling order. (Id. at 4.) Specifically, the parties request a briefing schedule for Defendant's contemplated motion to be filed on July 21, 2022, with briefing completed by August 11, 2022. (Id. at 5.) To permit the resolution of the summary judgment motion, the parties ask for the remaining discovery and pretrial deadlines, including a deadline for subsequent pre-trial motions, be continued by approximately five to six months. (Id. at 5-6.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." Id.

The Court finds that the parties have not demonstrated diligence in discovering the issue that Defendants now wish to base their summary judgment motion or filing the contemplated motion with the Court. Nearly seven months has passed since Defendants purportedly stopped making the two liquid ounce product. Furthermore, the parties do not show that the existing schedule will prevent them from litigating Defendants' motion, only that they will have to comply with their expert discovery and other motion filing deadlines before the Court rules on the motion. While the Court recognizes that the parties would prefer not to incur the costs of expert discovery when the case may not remain in federal court, the Court does not feel that it is ultimately an economical use of judicial resources to essentially stay expert discovery in this case while the parties litigate a motion that may ultimately have no impact on the litigation.

This case has already been in discovery for nearly one year, since July 19, 2021. (See ECF No. 8 (order requiring the parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) by July 19, 2021); Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . .") The parties' request would allow them to litigate successive pretrial motions if Defendants' current motion is not successful.

Based on the foregoing, the Court is not persuaded that there is good cause for the parties' requested scheduling amendments, and the joint motion is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: July 7, 2022

Honorable Michael S. Berg
United States Magistrate Judge